# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PATRICK O. OJO, Attorney, on
behalf of himself and all others
similarly situated,
                    *Plaintiff-Appellant,*

v.

FARMERS GROUP, INC.; FIRE
UNDERWRITERS ASSOCIATION; FIRE
INSURANCE EXCHANGE; FARMERS
UNDERWRITERS ASSOCIATION;
FARMERS INSURANCE EXCHANGE,
                    *Defendants-Appellees.*

No. 06-55522

D.C. No.
CV-05-05818-JFW

OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Filed April 9, 2010

Before: Alex Kozinski, Chief Judge, Pamela Ann Rymer,
Michael Daly Hawkins, Susan P. Graber,
M. Margaret McKeown, William A. Fletcher,
Ronald M. Gould, Richard R. Clifton, Milan D. Smith, Jr.,
Sandra S. Ikuta and N. Randy Smith, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Sanford Svetcov, Susan K. Alexander, Maria V. Morris, Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, California; Andrew S. Friedman, Wendy J. Harrison, Gustave A. Hanson, Bonnett Fairbourn Friedman & Balint, P.C., Phoenix, Arizona, for the plaintiffs-appellants.

Harriet S. Posner, Whitney Walters, Carl Alan Roth, Skadden, Arps, Slate, Meagher & Flom LLP, Los Angeles, California, for the defendants-appellees.

Linda F. Thome, Civil Rights Division, United States Department of Justice, Washington, D.C., for amicus curiae the United States.

D. Scott Chang, Stephen M. Dane, John P. Relman, Relman & Dane PLLC, Washington, D.C.; Joseph D. Rich, Lawyers' Committee for Civil Rights Under Law, Washington, D.C., for amici curiae National Fair Housing Alliance, Lawyers' Committee for Civil Rights Under Law, Greater Houston Fair Housing Center, Austin Tenants' Council, and Fair Housing Council of Greater San Antonio.

## OPINION

PER CURIAM:

In this appeal we are asked to determine whether a disparate impact suit alleging the discriminatory provision of homeowner's insurance in violation of the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19, is reverse-preempted by the McCarran-Ferguson Act, 15 U.S.C. § 1012, because it invalidates, impairs, or supersedes Texas insurance law. In order to do so, we must answer two preliminary questions. First, we must decide whether the FHA prohibits discrimination in the denial and pricing of homeowner's insurance. Second, we must determine whether the reverse-preemption standard set forth in the McCarran-Ferguson Act applies to claims brought under latter-enacted civil rights statutes such as the FHA. We answer yes to both questions. Having resolved these issues, in a separate order filed concurrently with this opinion we certify to the Supreme Court of Texas the dispositive question of whether Texas law permits an insurance company to price insurance by using credit-score factors that have a racially disparate impact that, were it not for the McCarran-Ferguson Act, would violate the FHA.

## I

Plaintiff-Appellant Patrick O. Ojo is an African-American resident of Texas and the owner of a homeowner's property-and-casualty policy issued by Farmers Group, Inc. ("Farmers"). Ojo sued Farmers and its affiliates, subsidiaries, and reinsurers (collectively "Defendants") in federal court on behalf of himself and other minorities. He claims that Defendants, acting in concert, use a number of "undisclosed factors" in their credit-scoring system that disparately impact minorities, in violation of the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19. Ojo does not claim that Defendants intentionally discriminated against any members of the putative plaintiff class.

Defendants moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court concluded that the Texas Insurance Code preempted Ojo's FHA claims under the reverse-preemption standard set forth in the McCarran-Ferguson Act, 15 U.S.C. § 1012. Ojo appealed, and a divided three-judge panel of our court initially reversed the district court, holding that Texas law does not reverse-preempt Ojo's FHA claim. *Ojo v. Farmers Group, Inc.*, 565 F.3d 1175 (9th Cir. 2009). We ordered the case reheard en banc pursuant to Ninth Circuit Rule 35-3, and it is now pending before us.

## II

**[1]** It is unlawful under the FHA "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race." 42 U.S.C. § 3604(b). This provision has been interpreted to prohibit not just intentional discrimination but also actions that have a discriminatory effect based on race (disparate-impact discrimination). *See Pfaff v. U.S. Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 745-46 (9th Cir. 1996). Where a plaintiff raises a prima

facie case of disparate-impact discrimination under the FHA, the burden shifts to the defendant to either rebut the facts underpinning the prima facie case or to demonstrate a "legally sufficient, nondiscriminatory reason" for the practices causing the disparate impact. *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1194-95 (9th Cir. 2006) (internal quotation marks omitted).

We have not yet had occasion to decide whether or not the FHA applies to homeowner's insurance. We now hold that the FHA prohibits racial discrimination in both the denial and pricing of homeowner's insurance.

Although there is a circuit split on the issue, we conclude that the Sixth and Seventh Circuits have the better of the argument. *See Nationwide Mut. Ins. Co. v. Cisneros*, 52 F.3d 1351, 1359-60 (6th Cir. 1995) (giving *Chevron* deference to the Secretary of Housing and Urban Development's interpretation of the FHA and holding that the FHA applies to homeowner's insurance); *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 300-01 (7th Cir. 1992) (same). Section 3604(a) of the FHA makes it unlawful to "otherwise make unavailable or deny" a dwelling because of race. 42 U.S.C. § 3604(a). Similarly, Section 3604(b) makes it unlawful to discriminate because of race "in the provision of services or facilities" in connection with "the terms, conditions, or privileges of sale or rental of a dwelling." *Id.* § 3604(b). The terms "make unavailable" and "service" are ambiguous. *See NAACP*, 978 F.2d at 298.

**[2]** When statutory language is ambiguous, we defer to a "permissible construction" of that statute by the agency charged with administering that statute. *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). Here, Congress has charged the Department of Housing and Urban Development ("HUD") with the duty to make rules to carry out the FHA. *See* 42 U.S.C. § 3614a. HUD in turn has determined explicitly that the FHA does indeed pro-

hibit discrimination in the provision of homeowner's insurance. *See* 24 C.F.R. § 100.70(d)(4). The terms of the FHA reasonably can bear this construction. For example, the denial of homeowner's insurance can make housing unavailable: Mortgage lenders require prospective borrowers to obtain homeowner's insurance, so without insurance, there may be no loan, and without a loan, there may be no home available to a person who wants to buy the home. Homeowner's insurance can also be seen as a "service" connected to the sale of a dwelling. In sum, HUD's construction of the FHA is reasonable and *Chevron* requires us to defer to it.

The Fourth Circuit has held that the FHA does not apply to homeowner's insurance. *Mackey v. Nationwide Ins. Cos.*, 724 F.2d 419, 424-25 (4th Cir. 1984). However, it is the only circuit to have done so, and its decision pre-dated a regulation promulgated by HUD that interprets the FHA to apply to homeowner's insurance. *See* 24 C.F.R. § 100.70(d)(4); Implementation of the Fair Housing Amendments Act of 1988, 54 Fed. Reg. 3232-01 (January 23, 1989) (effective date March 12, 1989). As Judge Easterbrook observed, "Events have bypassed *Mackey*. . . . No matter how a court should have understood the Fair Housing Act in 1984, . . . the question today is whether the Secretary's regulations are tenable. They are." *NAACP*, 978 F.2d at 301.

## III

**[3]** The outcome of Ojo's appeal also depends on whether the McCarran-Ferguson Act is capable of "reverse-preempting" claims brought under latter-enacted civil rights statutes such as the FHA. The McCarran-Ferguson Act states the following:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such busi-

ness, unless such Act specifically relates to the business of insurance . . . .

15 U.S.C. § 1012(b). Under the McCarran-Ferguson Act, state law preempts a federal statute if (1) the federal law does not specifically relate to insurance; (2) the state law is enacted for the purpose of regulating insurance; and (3) the application of federal law to the case might invalidate, impair, or supersede the state law. *Humana Inc. v. Forsyth*, 525 U.S. 299, 307 (1999). Here, it is undisputed that the FHA does not specifically relate to insurance and that the relevant provisions of Texas law are enacted for the purpose of insurance regulation.

**[4]** We hold that the FHA can indeed be reverse-preempted by the McCarran-Ferguson Act. By using the phrase "No Act of Congress," the text of McCarran-Ferguson could not be clearer. " 'No Act of Congress' differs from 'no act on the books in 1946' or 'no act other than a civil rights statute.' " *NAACP*, 978 F.2d at 294. By its plain terms, the McCarran-Ferguson Act applies to the FHA.

Precedents are in accord with our interpretation. Although the McCarran-Ferguson Act predates Title VII of the Civil Rights Act of 1964, the Supreme Court has never expressed reluctance in applying McCarran-Ferguson to latter-enacted statutes. *See, e.g.*, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) (applying McCarran-Feguson to the Employee Retirement Income Security Act of 1974). Four justices of the Supreme Court have once already concluded that the McCarran-Ferguson Act applies to Title VII. *Ariz. Governing Comm. for Tax Deferred Annuity and Deferred Comp. Plans v. Norris*, 463 U.S. 1073, 1099-1103 (1983) (Powell J., joined by Burger, C.J., Blackmun and Rehnquist, JJ., concurring in part and dissenting in part). And the majority of our sister circuits to address the question have determined that the McCarran-Ferguson Act applies to civil rights statutes. *See Saunders v. Farmers Ins. Exchange*, 537 F.3d 961, 963 n.1 (8th Cir. 2008); *Dehoyos v. Allstate Corp.*, 345 F.3d 290, 297

(5th Cir. 2003); *Cisneros*, 52 F.3d at 1360-61; *NAACP*, 978 F.2d at 295.

Only the Second Circuit has held that the McCarran-Ferguson Act does not apply to Title VII, and that decision predates *Norris*, *Pilot Life*, and the decisions of the other circuits. *See Spirt v. Teachers Ins. and Annuity Ass'n*, 691 F.2d 1054, 1065 (2d Cir. 1982), *vacated on other grounds*, 463 U.S. 1223 (1983). The Second Circuit's decision is also based on the incorrect assumption that interpreting McCarran-Ferguson to apply to Title VII would "prevent" Congress from requiring insurers to comply with civil rights statutes. *See id.* at 1066. Such is not the case. "Congress did not tie its hands; instead it prescribed the consequences of silence and specificity in other acts past and future." *NAACP*, 978 F.2d at 295. The McCarran-Ferguson Act is merely the default; if Congress does not want McCarran-Ferguson to operate on a particular statute, it need only say so directly.

## IV

**[5]** Having determined that the FHA applies to homeowner's insurance and that the McCarran-Ferguson Act can reverse-preempt the FHA, the remaining dispositive question is whether application of the FHA to Ojo's case might invalidate, impair, or supersede the provisions of the Texas Insurance Code that authorize insurance companies to use credit scoring in setting insurance rates. If Texas law permits insurance companies to use credit scores even if the factors used to compute scores may have a racially disparate impact, then allowing Ojo to sue Defendants under the FHA for this practice would impair Texas law. On the other hand, if Texas law prohibits the use of credit-score factors that would violate the FHA on the basis of a disparate-impact theory, then the FHA would complement—rather than displace and impair—Texas law, and Ojo's FHA disparate-impact suit would not be reverse-preempted by the MFA. *See Humana*, 525 U.S. at 310-14. Because this question of Texas law is unsettled, and

because the issue's resolution will have pervasive implications for future claims brought against Texas insurers, we have concluded that the appropriate course of action is to certify this issue to the Supreme Court of Texas. We stay further proceedings in this case pending resolution of our certified question.

**FURTHER PROCEEDINGS STAYED.**