**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE FAIR HOUSING COUNCIL OF SAN DIEGO,<br><br>Plaintiff,<br><br> and<br><br>JOANN REED; et al.,<br><br>Plaintiffs - Appellants,<br><br> v.<br><br>PENASQUITOS CASABLANCA OWNER'S ASSOCIATION,<br><br>Defendant - Appellee. | No. 08-55069<br><br>D.C. No. CV-05-00072-LAB<br><br>MEMORANDUM [*] |
| THE FAIR HOUSING COUNCIL OF SAN DIEGO,<br><br>Plaintiff - Appellant,<br><br> and<br><br>JOANN REED; et al., | No. 08-55072<br><br>D.C. No. CV-05-00072-LAB |

———————————

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs,

v.

PENASQUITOS CASABLANCA
OWNER'S ASSOCIATION,

Defendant - Appellee.

THE FAIR HOUSING COUNCIL OF
SAN DIEGO,

Plaintiff,

and

JOANN REED; et al.,

Plaintiffs - Appellees,

v.

PENASQUITOS CASABLANCA
OWNER'S ASSOCIATION,

Defendant - Appellant.

No. 08-55151

D.C. No. CV-05-00072-LAB

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 4, 2009
Pasadena, California

Before: CANBY, WARDLAW and CALLAHAN, Circuit Judges.

These cross-appeals arise in connection with a special jury verdict that defendant Penasquitos Casablanca Owner's Association ("PCOA") violated the federal Fair Housing Act ("FHA"), California Fair Employment Act, the California Unruh Civil Rights Act, and the Bane Act with respect to the rights of plaintiffs Joann Reed and the Fair Housing Council of San Diego ("FHCSD").

Pretrial, the district court granted judgment as a matter of law to the PCOA against minor plaintiffs, Milton Rodgers, Jamel Rodgers, and Antwan Ramsey, Reed's children and grandchild, for lack of Article III standing because they were not "aggrieved persons" under the FHA, 42 U.S.C. § 3602(i)(1). It also rejected a proposed jury instruction as to punitive damages, acknowledging that the legal standard was reckless indifference, but concluding that no reasonable jury could find reckless indifference in PCOA's failure to act under the circumstances presented. The district court concluded post-trial that Reed was entitled to attorneys' fees, but reduced the amount awarded due to its finding of limited success, and denied FHCSD's request for attorneys' fees in its entirety. It also denied FHCSD's motion for injunctive relief under 42 U.S.C. § 3613.

Reed, the minors, and the FHCSD appeal these rulings, while the PCOA cross-appeals from the jury verdict, asserting that all its actions took place post-acquisition, thus precluding subject matter jurisdiction, and the attorneys' fee

3

award to Reed.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties are familiar with the facts of this case, which we recite here only to the extent necessary to explain our decision. We affirm in part and reverse in part.

Although the district court did not have the benefit of our recent opinion in *Committee Concerning Community Improvement v. City of Modesto*, it correctly ruled that "the FHA reaches post-acquisition discrimination." *Comm. Concerning Cmty. Improvement v. City of Modesto*, Nos. 07-16715, 07-17407, slip op. at 14397 (9th Cir. Oct. 8, 2009). The PCOA argues that 42 U.S.C. § 3604(b) covers only discrimination in connection with the acquisition of housing. Such a narrow interpretation, however, would preclude the FHA from reaching acts of discrimination, including sexual harassment, on the sole basis of the timing of the discriminatory act. *City of Modesto*, at 14399. As we have concluded, such an interpretation contravenes a natural reading of the relevant statutory and regulatory language. *Id.* at 14398-99.

The district court erred in granting judgment as a matter of law against the minors for lack of standing. Under the FHA, "an aggrieved person may commence

---

[1] The United States, appearing on behalf of the Department of Housing and Urban Development ("HUD") and the U.S. Department of Justice, filed two Briefs for the United States as Amicus Curiae Supporting Plaintiffs-Appellants/Cross-Appellees Seeking to Vacate Portions of the District Court's Order and Remand.

4

a civil action . . . to obtain relief with respect to such discriminatory housing practice or breach." 42 U.S.C. § 3613(a)(1). An aggrieved person is any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i)(1). Plaintiffs need not demonstrate that the minor children were the victims or target of the sexual harassment, but rather that they suffered an "actual injury as a result of the defendant's conduct," to establish standing. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 103 n.9 (1979). The record contains evidence that the minors witnessed instances of sexual assault, suffered from emotional disturbances, were generally confined to their home, and no longer used the housing complex's amenities as a result of the ongoing sexual harassment. Viewed in the light most favorable to the nonmoving party, this evidence is sufficient to create a triable issue of fact that the minors suffered injury as a result of PCOH's discriminatory practice. *See M2 Software, Inc. v. Madacy Entm't Corp.*, 421 F.3d 1073, 1086 (9th Cir. 2005).

The district court properly concluded that a showing of reckless indifference is necessary for plaintiffs to prevail on their punitive damages claim. ER 81. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (awarding punitive damages where the defendant's conduct "involves reckless or callous indifference to the federally protected rights of others"); *see also* 42 U.S.C. §

5

3613(c) (allowing punitive damages "if the court finds that a discriminatory housing practice has occurred"). However, the district court erred on punitive damages and instead, granted judgment as a matter of law against the plaintiffs.

A finding of reckless indifference "ultimately focus[es] on the actor's state of mind," and requires that the defendant "at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999). A reckless indifference finding, however, does not require that the defendant "engage in conduct with some independent, 'egregious' quality before being subject to a punitive award." *Kolstad*, 527 U.S. at 537. The evidence shows that PCOA failed to respond to numerous sexual harassment complaints from residents, including Reed, regarding Kent McDonald ("McDonald"). Although PCOA received a copy of Reed's temporary restraining order against McDonald, and knew that McDonald was on parole and had been previously convicted for spousal rape, it continued to employ him for two months after the initial complaints, during which the sexual harassment continued. PCOA also failed to notify Reed upon McDonald's termination. Taken in the light most favorable to Reed, a reasonable jury could find that PCOA acted with reckless indifference. *See M2 Software*, 421 F.3d at 1086.

In light of the foregoing, we vacate and reverse the district court's reduction of the attorneys' fees award to Reed due to "limited success." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). For the same reason, we vacate the district court's orders denying attorneys' fees to FHCSD.

Because we have determined that the FHA reaches post-acquisition discrimination, *Comm. Concerning Cmty. Improvement*, slip op. at 14397, we also vacate and remand the district court's denial of FHCSD's motion for injunctive relief.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

*Fair Hous. Council of San Diego, et al. v. Penasquitos Casablanca Owners' Ass'n*, Nos. 08-55069, 08-55072, 08-55151

CALLAHAN, Circuit Judge, concurring:

I concur in the memorandum disposition. I write separately only because I do not agree that "a natural reading" of 42 U.S.C. § 3604(b) mandates the result in *Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 713 (9th Cir. 2009).

I find § 3604(b) to be ambiguous with regard to the viability of post-acquisition claims. However, I find that this ambiguity is resolved by the relevant HUD regulations. *Ojo v. Farmers Group, Inc.*, 600 F.3d 1205, 1208 (9th Cir. 2010) (en banc) (per curiam) (explaining that "[w]hen statutory language is ambiguous, we defer to a 'permissible construction' of that statute by the agency charged with administering that statute") (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)). "Congress has charged the Department of Housing and Urban Development ("HUD") with the duty to make rules to carry out the FHA." *Id.* (citing 42 U.S.C. § 3614a). In turn, HUD has promulgated 24 C.F.R. § 100.65(b)(4), which strongly supports the view that § 3604(b) covers post-acquisition claims. It provides that "prohibited actions under" § 3604(b) include "[l]imiting the use of privileges, services or facilities associated

1

with a dwelling because of race, color, religion, sex, handicap, familial status, or national origin of an owner, tenant or a person associated with him or her." Because the use of a dwelling's services and facilities must necessarily occur *after* acquisition, this regulation demonstrates HUD's interpretation of § 3604(b) as covering post-acquisition acts of discrimination. Although we did not rely on *Chevron* to decide this issue in *City of Modesto*, I would reach the same conclusion through deference to HUD.