CALLAHAN, Circuit Judge,
concurring:
I concur in the memorandum disposition. I write separately only because I do not agree that “a natural reading” of 42 U.S.C. § 3604(b) mandates the result in Committee Concerning Community Improvement v. City of Modesto, 583 F.3d 690, 713 (9th Cir.2009).
I find § 3604(b) to be ambiguous with regard to the viability of postacquisition claims. However, I find that this ambiguity is resolved by the relevant HUD regulations. Ojo v. Farmers Group, Inc., 600 F.3d 1205, 1208 (9th Cir.2010) (en banc) (per curiam) (explaining that “[w]hen statutory language is ambiguous, we defer to a ‘permissible construction’ of that statute by the agency charged with administering that statute”) (quoting Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). “Congress has charged the Department of Housing and Urban Development (“HUD”) with the duty to make rules to carry out the FHA.” Id. (citing 42 U.S.C. § 3614a). In turn, HUD has promulgated 24 C.F.R. § 100.65(b)(4), which strongly supports the view that § 3604(b) covers post-acquisition claims. It provides that “prohibited actions under” § 3604(b) include “[ljimiting the use of privileges, services or facilities *678 associated with a dwelling because of race, color, religion, sex, handicap, familial status, or national origin of an owner, tenant or a person associated with him or her.” Because the use of a dwelling’s services and facilities must necessarily occur after acquisition, this regulation demonstrates HUD’s interpretation of § 3604(b) as covering post-acquisition acts of discrimination. Although we did not rely on Chevron to decide this issue in City of Modesto, I would reach the same conclusion through deference to HUD.